UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES DeMATTIE, Plaintiff | CIVIL ACTION NO. 1:18-CV-464-P |
| VERSUS | JUDGE DEE D. DRELL |
| PAT ASHLEY, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights (42 U.S.C. §1983) complaint filed by pro se Plaintiff James A. DeMattie ("DeMattie"). DeMattie has been granted leave to proceed *in forma papueris*. (Doc. 11). DeMattie is being detained at the Rapides Parish Detention Center III in Alexandria, Louisiana. DeMattie complains his constitutional rights were violated by the theft of his personal property at the Rapides Parish Detention Centers I and III ("RPDCI," "RPDCIII").

Because DeMattie's complaint does not allege the violation of a constitutional right, it should be denied and dismissed, with prejudice.

I. Background

DeMattie alleges that he arrived at RPDCI with two backpacks full of personal property, including a watch, earrings, two cell phones, two knives, various tools, personal identification cards, numerous certificates, clothing, and other personal items. (Doc. 1, p. 4). When DeMattie was transferred to RPDCIII, he was only provided with one of the backpacks. Defendants were unable to locate the other backpack. (Doc. 1, p. 5). Eventually, another inmate informed DeMattie that he had

"run across" the backpack and had taken some of DeMattie's property. (Doc. 1, p. 5). Eventually, the backpack was recovered and returned to DeMattie with several items missing. (Doc. 1, p. 5-6).

DeMattie seeks monetary damages or the return of his property, as well as punitive damages.

## II. Law and Analysis

### A. DeMattie's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

DeMattie is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that private prison-management corporations and their employees are state actors under § 1983). Because DeMattie is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. DeMattie cannot state a constitutional claim for his lost property.

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. However, the jurisprudence makes it clear that a prisoner's claim for random deprivation of personal property is not cognizable under § 1983.

In Parratt v. Taylor, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. Id. at 536-37. In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to intentional deprivations of property. In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court overruled Parratt in part, holding

that merely negligent deprivations of property simply do not implicate constitutional protections at all.

Thus, whether DeMattie's property was stolen by an officer, or stolen by an inmate due to the negligence of an officer, there is simply no constitutional protection. Louisiana law provides DeMattie the opportunity to seek redress in state court, which is all the process DeMattie is due. See La. Civ. Code art. 2315.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that DeMattie's complaint be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of May, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge